**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

In re

John Stewart Seibert
Alice Leigh Seibert

         CHAPTER 7
         CASE NO. 18-30975-KKS

  Debtors
_____/

## MOTION FOR RELIEF FROM STAY FILED BY FREEDOM MORTGAGE CORPORATION REGARDING REAL PROPERTY

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

  Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

  If you object to the relief requested in this paper, you must file your objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Tallahassee, FL 32301 and serve a copy on the movant's attorney Jessica Hicks, Kass Shuler, P.A., P.O. Box 800, Tampa, Florida 33601 and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

  FREEDOM MORTGAGE CORPORATION ("Creditor"), pursuant to §§362(d)(1) and (2) of the Bankruptcy Code, hereby moves this Court for entry of an order granting relief from stay as to the bankruptcy estate and as to the Debtors, and states:

  1. For value received, the Debtors executed and delivered a Promissory Note ("Note") as evidence of indebtedness to Creditor.

  2. The Debtor executed and delivered a Mortgage to Creditor securing said indebtedness with the following property:

**REAL PROPERTY LOCATED: 274 LEE ROAD 2170 PHENIX CITY, ALABAMA 36870, LEGALLY DESCRIBED AS: SITUATED IN THE COUNTY OF LEE, STATE OF ALABAMA:**

**LOT 89 OF AUTUMN CREEK SUBDIVISION, LOCATED IN SECTION 12, TOWNSHIP 17 N, RANGE 29E, LEE COUNTY, ALABAMA AS SHOWN UPON A FINAL PLAT OF SAID SUBDIVISION BY BARRETT-SIMPSON, INC., FILED IN PLAT BOOK 30, IN THE OFFICE OF THE JUDGE OF PROBATE OF LEE COUNTY, ALABAMA** ("Collateral").

3. Movant is entitled to enforce the Note and Mortgage. Copies of the relevant loan documents are attached hereto as Exhibit "A" & "B".

4. Movant is entitled to enforce the Note and Mortgage. A true and accurate representation of the chain of any Assignments or documents showing standing, including copies of any available recorded documents concerning the subject Mortgage, is attached as Exhibit "C".

4. Creditor is owed the amounts referenced in the attached Affidavit plus any changes accruing subsequent to the date of the Affidavit.

5. A payment history is attached hereto as Exhibit "E".

6. The Debtors defaulted under the terms of the Note and/or Mortgage with Creditor by failing to do the following: make all payments when due as specified in the attached Affidavit, Exhibit "D".

7. The Debtors, and the estate, have made no offer of adequate protection to Creditor regarding Creditor's interest in the Collateral. Creditor, therefore, lacks adequate protection.

8. The Collateral is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Collateral by the Debtors without payments to Creditor.

9. The Debtors and the estate may lack equity in the Collateral.

10. The Collateral is not necessary to an effective reorganization.

11. Pursuant to the terms of the Promissory Note / Contract between the parties, the Debtors are obligated to pay Creditor's reasonable attorneys' fees and court costs. Creditor has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services rendered in connection with this Motion.

12. Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature. In addition Creditor prays that the Court suspend the Rule in all instances in which there is a Consent on the part of the Debtors.

13. The account at issue is presently due for the payment due August 1, 2018 and all subsequent payments which have come due through the date of this Motion.

WHEREFORE, Creditor requests that the Court enter an order modifying or terminating the automatic stay as to the Debtors and to the estate to permit Creditor to enforce its in rem contractual and state law remedies as against the Collateral and for such other relief as requested above.

/s/ Jessica Hicks
Jessica Hicks
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:   (813) 229-3323
jhicks@kasslaw.com
Florida Bar No. 1003462

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on December 21, 2018, by U.S. Mail and/or electronic mail via CM/ECF to: John Stewart Seibert and Alice Leigh Seibert, 674 Waterview Cove Drive , Freeport, FL 32439; Natasha Z. Revell at tasha@zalkinrevell.com; Mary W. Colon, Trustee at trustee@marycolon.com.

/s/ Jessica Hicks
Jessica Hicks (x1465)

1808905/GLD