# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

In re:                                      **Case No. 18-30975-KKS**
                                            **Chapter 7**

**John Seibert**
**Alice Seibert**


             **Debtors**      **/**
_____

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND RE/MAX BY THE SEA TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

**Mary W. Colón**, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (together, the "Debtors'"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit B* (the "BKRES Affidavit") and (2)   ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit C*

1

(the "Listing Agent Affidavit").  In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and local licensed Listing Agent (individually and collectively referred to as "Broker or Brokers"), at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. § 506 surcharge to provide a carveout within a 3-5% range for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever

under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3.      On 10/26/2018, the Debtors' commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.      The Trustee held the first 341 meeting on 01/30/2019.

6.      The Debtors' are the sole owner of real property located at **674 WATERVIEW COVE DR FREEPORT, FL 32439** (the "Property").

7.      The Debtors' have no equity in the Property. The Debtors' schedules reflect that the Property is currently worth $188,265.00 but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Loan Care (the "Secured Creditor") in an amount exceeding $255,258.00.

8.     The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtors' estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the provision that the hired professionals, BKRES and Local Agent, shall not participate in the sale and purchase of any estate property except as hired Brokers:

    a.  sell the Property under 11 U.S.C. § 363(b) to whichever third party you determine to have made the best qualified offer during a public sale approved by the court;

    b.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c.  agree to a 11 U.S.C. § 506 surcharge to pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a meaningful carveout for the benefit of allowed unsecured creditors of the Debtors' estate.

9.    Trustee expects BKRES and Listing Agent to obtain Secured Creditor's full, final and unconditional Consent and bring a separate motion seeking an order approving the sale of the Property (the "<u>Motion to Approve Sale</u>") within several months of the entry of the order sought by this Application.

<u>APPLICATION</u>

10. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

11.   As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

6

estates from over-encumbered assets in which the estate has no equity. [An expedited sale of the estate Property securing an allowed secured claim in this case pursuant to Section 363 of the Bankruptcy Code will enhance the bankruptcy relief sought by the Debtors', provide a recovery of value for the bankruptcy estate that will result in a meaningful distribution to unsecured creditors, and provide direct equitable benefits to the Secured Creditor in the following ways:

     a.    in exchange for an expedited free and clear sale and realization of the current fair market value of the Property by the Secured Creditor, the Debtors' estate will be released from the Senior Mortgage and any deficiency claims resulting from the sale;

     b.    an expedited free and clear sale of the Property will provide a loss mitigation option that enables the Secured Creditor and Debtors' to avoid the substantial expense of foreclosure proceedings and the damaging impact of foreclosure on the financial recovery of the bankrupt Debtors' and their ability to obtain future credit;

     c.    an expedited free and clear sale of the Property will provide a negotiated cash payment as a meaningful recovery of value for the bankruptcy estate and the unsecured creditors;

d.      an expedited free and clear sale of the Property will eliminate the need for a foreclosure sale and enable the Secured Creditor to limit its expenses to legal costs, property preservation costs, insurance, and taxes; and,

e.      the Debtors' voluntary surrender of the Property to the administration of the Trustee and the Secured Creditor's consent to the sale of the Property will enable the Trustee to use the forces of a free market to establish the true fair market value of the Property for the benefit of all interested and affected parties.]

12.    The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' estate but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtors' estate.

13.    In no event will the estate have any obligation to pay BKRES or Listing Agent for their services, or to pay for customary title and closing

services.  The terms of the BKRES Agreement and Listing Agreement and this Application provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses and payment for all other expenses associated with the sale of the Property from the sale proceeds at closing in accordance with the order approving the sale.

14.    BKRES and Listing Agent will not be entitled to any fees or expenses if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

15.    The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

16.    BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of BKRES.  BKRES also attests, pursuant to

9

Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent, or a buyer's Agent, if applicable.

17.    Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).    Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent.  Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's Agent, if applicable.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement and this Application pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: 03/15/19

Respectfully submitted,


/s/ May W. Colón
MARY W. COLÓN
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

In re:                                          **Case No. 18-30975-KKS**
                                                **Chapter 7**

**John Seibert
Alice Seibert**

_____**Debtors**_____ / _____

## ORDER APPROVING CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND RE/MAX BY THE SEA TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

Upon the Notice and Application of Marybeth Colon, the trustee in the above-captioned case ("Trustee"), to *Retain BK Global Real Estate Services and RE/MAX By The Sea to Procure Consented Public Sale pursuant to 11 U.S.C. § § 327, 328 and 330* ("Application") [Docket No. ], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtors' and the creditors that:

1

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.  Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Notice of the Application was sufficient under the circumstances.

Based upon the foregoing, it is hereby ORDERED as follows:

1.  The Application is hereby **APPROVED**.

2.  Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3.  The Trustee is authorized to retain and compensate BKRES and local licensed Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtors' Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order.  BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity unless specifically approved by this court.

12

4.   BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5.   BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6.   BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to compensate or reimburse BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

7.   Trustee is hereby authorized to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and to reimburse the Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order only upon a sale of the Property.

8.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**DONE AND ORDERED** on _____.


_____
KAREN K. SPECIE
U.S. Bankruptcy Judge


Submitted By:
Mary W. Colón, Esq.,
Chapter 7 Trustee


*Trustee Mary W. Colón is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

|                  |   |                      |
|------------------|---|----------------------|
| In re:           | : | Chapter 7            |
|                  | : |                      |
|                  | : | Case No. 18-30975    |
|                  | : |                      |
| Debtor           | : |                      |
| John Seibert     | : |                      |
| Alice Seibert    | : |                      |
|                  | : |                      |

## DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1.      I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Parkway, N.W., Suite 100, Boca Raton, FL 33487. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2.      Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.      To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

EXHIBIT "B"

4.    A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5.    That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6.    That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 28 day of February, 2019.

                                        _____
                                        Patrick Butler
                                        Broker-in-Charge

The foregoing instrument was sworn to and subscribed before me this 28 day of February, 2019, by Patrick Butler who provided identification or is personally known to me and who did take an oath.

                                        NOTARY PUBLIC

                                        _____
                                        Notary Public, State of Florida

                                        My Commission Expires



Notary Public State of Florida
Tasha Santora
My Commission GG 065439
Expires 01/24/2021

## SCHEDULE I

BK Global Real Estate Services is a licensed real estate brokerage by the State of Florida, located at 1095 Broken Sound Parkway N.W., Suite 100, Boca Raton, Florida, 33487.

BK Global Real Estate Services has a strong background and extensive experience in dealing with the mortgage servicing industry and is considered an expert in assisting in the negotiations with secured creditors whose debt is in excess of the market value of the real property and in negotiating short sales.

BK Global Real Estate Services has been providing real estate services to Chapter 7 bankruptcy trustees since 2014.

BK Global Real Estate Services has developed a process to assist Chapter 7 trustees in the sale of over-encumbered real estate to obtain the consent of the secured creditor to allow the Chapter 7 trustee to sell the real property and to assist the Chapter 7 trustee in negotiating a carve out for the bankruptcy estate that will provide a meaningful distribution to the unsecured creditors..

BK Global Real Estate Services is to be retained by the Chapter 7 trustee pursuant to 11 U.S.C. § 327. The first step is for BK Global Real Estate Services to assist the Chapter 7 trustee in obtaining the consent of the secured creditor to allow the Chapter 7 trustee to sell the secured real estate. Those negotiations will include establishing a carve-out of the sale proceeds to the bankruptcy estate that will provide a meaningful distribution to unsecured creditors.

In addition, a carve out will be established to pay a real estate commission to BK Global Real Estate Services and a local real estate licensed broker. In addition, as part of the negotiations, the secured creditor will be required to waive the filing of any deficiency claim.

Once the Court has approved the retention of BK Global Real Estate Services and the local real estate licensed broker, then the real property will be listed for sale at an agreed listing price by the secured creditor.

A motion will be filed to approve the settlement and compromise reached between the Chapter 7 trustee and the secured creditor.

BK Global Real Estate Services has successfully assisted Chapter 7 trustees in 33 court districts in the consented program. BK Global Real Estate Services does this by achieving the highest sale prices for properties as opposed to the more common "discounted sale" often presented to secured creditors by less experienced service providers. The transaction is never consummated unless the carve-out percentage or fee is sufficient to provide a meaningful distribution to unsecured creditors. BK Global Real Estate Services has standards in the mortgage industry whereby all parties can have a mutually beneficial outcome to the sale. The sale of over-encumbered real estate in bankruptcy presents a superior outcome to all parties.

- Unsecured creditors achieve a meaningful distribution on many more bankruptcy cases than they do on 'no asset' cases;

- The Chapter 7 trustee is able to conduct these transactions in a very cost-effective manner substantiating the carve-out amounts generated in these sales; and

- Secured creditors achieve more favorable recovery than they would via foreclosure including minimized compliance risk.

Page 4-2 of the Handbook for Chapter 7 Trustee states that by virtue of 11 U.S.C. § 323(a) the trustee is a representative of the estate. Further, the handbook states, "The trustee is a fiduciary charged with protecting the interest of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property."

BK Global Real Estate Services is a licensed Real Estate Broker and acts in the capacity as a licensed agent/broker. As a member of the real estate professional association, BK Global Real Estate Services is permitted to work with local brokers and share fees for work conducted. Section 504(b) of the Bankruptcy Code permits the compensation BK Global Real Estate Services receives for work conducted on a case.

BK Global Real Estate Services has developed a nationwide network of licensed real estate brokers that are trained in the sale of over-encumbered real estate in bankruptcy. BK Global Real Estate Services co-lists the real estate with one of our local trained licensed brokers. The trustee hires both BK Global Real Estate Services and the local broker to perform the required services. The listing commission is split between BK Global Real Estate Services and the local broker.

For these fees, both BK Global Real Estate Services and the local broker share in the duties that are required to conduct a consented sale in bankruptcy.

BK Global Real Estate Services' services include, but are not limited to, the following:

- Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues;
- Advising the trustee of any issues and discuss potential resolutions;
- Conducting the resolutions under the trustee's direction;
- Assisting the trustee in the collection of documents and information for employment;
- Making contact with the secured creditor(s);
- Notifying them of the upcoming sale and identifying servicer requirements;
- Assisting the trustee in establishing market value and negotiating with the servicer an acceptable sales price and establishing a carve-out;
- Development of online marketing, email campaign and full nationwide marketing services;
- Conducting on online sale;
- Use of the technology platform;

- Assist the trustee in the review of all offers and coordinate the final documentation of the offer accepted by the trustee;
- Managing contract requirements such as inspections, appraisals and HOA applications;
- Coordinating closings and assisting the trustee in the collection of required information for court filing; and
- Closing the transaction and ensure the estate has received the appropriate funds.

Local broker services include, but are not limited to:

- Inspecting the property and completing a broker's price opinion;
- Listing the property in the multiple listing service (MLS); and
- Posting a for sale sign in the yard and coordinating showings.

U.S. Bankruptcy Court Districts where BK Global Real Estate Services conducted Consented Sales:

- Eastern District of Arkansas
- Central District of California
- Eastern District of California
- Southern District of California
- District of Colorado
- District of Connecticut
- Middle District of Florida
- Southern District of Georgia
- District of Hawaii
- Northern District of Illinois
- Northern District of Indiana
- Southern District of Indiana
- Western District of Kentucky
- Eastern District of Louisiana
- Middle District of Louisiana
- Western District of Louisiana
- District of Massachusetts
- District of Maryland
- Eastern District of Michigan
- Eastern District of North Carolina
- District of New Jersey
- District of Nevada
- Eastern District of New York
- Northern District of Ohio
- Southern District of Ohio
- District of Oregon
- Eastern District of Pennsylvania

- Middle District of Pennsylvania
- Western District of Pennsylvania
- Northern District of Texas
- Western District of Texas
- Western District of Washington



RICK SCOTT, GOVERNOR

MATILDE MILLER, INTERIM SECRETARY



## STATE OF FLORIDA
## DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

### DIVISION OF REAL ESTATE

THE CORPORATION HEREIN HAS REGISTERED UNDER THE
PROVISIONS OF CHAPTER 475, FLORIDA STATUTES

### RIVERSTONE REALTY INC
BK GLOBAL REAL ESTATE SERVICES
1095 BROKEN SOUND PKWY #100
BOCA RATON          FL 33487

LICENSE NUMBER: CQ1035621

EXPIRATION DATE: MARCH 31, 2019

Always verify licenses online at MyFloridaLicense.com



Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.

**RE/MAX**
*By The Sea*

## Exclusive Right of Sale Listing Agreement

1  This Exclusive Right of Sale Listing Agreement ("Agreement") is between

2*  __Mary W. Colon, BK Trustee for, the estate of John and Alice Seibert__ ("Seller")

3*  and __RE/MAX BY THE SEA__ ("Broker").

4  **1. Authority to Sell Property: Seller** gives **Broker** the EXCLUSIVE RIGHT TO SELL the real and personal
5  property (collectively "Property") described below, at the price and terms described below, beginning
6*  _____ and terminating at 11:59 p.m. on _____("Termination Date"). Upon
7  full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8  automatically extend through the date of the actual closing of the sales contract. **Seller** and **Broker** acknowledge
9  that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10  color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11  law. **Seller** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12  **2. Description of Property:**
13*  (a) Street Address: __674 Waterview Cove Dr__
14  __Freeport, FL  32439-2851__
15*  Legal Description: __LOT 27 BLK A WATERVIEW COVE PHII S/D PB 14-73 REPLAT 15-1__
16*  _____ ☐ See Attachment _____

17*  (b) Personal Property, including appliances: __n/a__
18*  _____ ☐ See Attachment _____

19  (c) Occupancy:
20*  Property ☐ is ☒ is not currently occupied by a tenant. If occupied, the lease term expires _____ .

21  **3. Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to **Seller:**
22*  (a) Price: $_____
23*  (b) Financing Terms: ☐ Cash ☐ Conventional ☐ VA ☐ FHA ☐ Other (specify) _____
24*  ☐ Seller Financing: **Seller** will hold a purchase money mortgage in the amount of $_____
25*  with the following terms: __n/a__
26*  ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $ __n/a__ plus
27*  an assumption fee of $ __n/a__ . The mortgage is for a term of _____ years beginning in
28*  __n/a__ , at an interest rate of __n/a__ % ☐ fixed ☐ variable (describe) _____ __n/a__ .
29*  Lender approval of assumption ☐ is required ☐ is not required ☐ unknown. **Notice to Seller: (1)** You may
30  remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31  lender to determine the extent of your liability. **Seller** will ensure that all mortgage payments and required
32  escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33  **(2)** Extensive regulations affect **Seller** financed transactions. It is beyond the scope of a real estate licensee's
34  authority to determine whether the terms of your **Seller** financing agreement comply with all applicable laws or
35  whether you must be registered and/or licensed as a loan originator before offering **Seller** financing. You are
36  advised to consult with a legal or mortgage professional to make this determination.
37*  **(c) Seller Expenses: Seller** will pay mortgage discount or other closing costs not to exceed __n/a__ % of the
38  purchase price and any other expenses **Seller** agrees to pay in connection with a transaction.

39  **4. Broker Obligations: Broker** agrees to make diligent and continued efforts to sell the Property until a sales
40  contract is pending on the Property.

41  **5. Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to **Seller**
42  because the Property will be exposed to a large number of potential buyers. As a MLS participant, **Broker** is
43  obligated to timely deliver this listing to the MLS. This listing will be promptly published in the MLS unless **Seller**
44  directs **Broker** otherwise in writing. **Seller** authorizes **Broker** to report to the MLS this listing information and price,
45  terms, and financing information on any resulting sale for use by authorized Board / Association members and
46  MLS participants and subscribers unless **Seller** directs **Broker** otherwise in writing.

Seller (___) (___) and Broker/Sales Associate (___) (___) acknowledge receipt of a copy of this page, which is Page 1 of 4.
ERS-17lb   Rev 6/17                                                                © 2017 Florida Realtors®

EXHIBIT "C"

**6. Broker Authority: Seller** authorizes **Broker** to:
  **(a)** Advertise the Property as **Broker** deems advisable including advertising the Property on the Internet unless limited in (6)(a)(i) or (6)(a)(ii) below.
  **(Seller opt-out) (Check one if applicable)**
    **(i)** ☐ Display the Property on the Internet except the street address.
    **(ii)** ☐ **Seller** does not authorize **Broker** to display the Property on the Internet.
    **Seller** understands and acknowledges that if **Seller** selects option (ii), consumers who search for listings on the Internet will not see information about the Property in response to their search.
    _____ / _____ **Initials of Seller**
  **(b)** Place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once **Seller** signs a sales contract) and use **Seller's** name in connection with marketing or advertising the Property.
  **(c)** Obtain information relating to the present mortgage(s) on the Property.
  **(d)** Provide objective comparative market analysis information to potential buyers.
  **(e) (Check if applicable)** ☒ Use a lock box system to show and access the Property. A lock box does not ensure the Property's security; **Seller** is advised to secure or remove valuables. **Seller** agrees that the lock box is for **Seller's** benefit and releases **Broker**, persons working through **Broker** and **Broker's** local Realtor Board / Association from all liability and responsibility in connection with any damage or loss that occurs. ☐ Withhold verbal offers. ☐ Withhold all offers once **Seller** accepts a sales contract for the Property.
  **(f)** Act as a transaction broker.
  **(g) Virtual Office Websites:** Some real estate brokerages offer real estate brokerage services online. These websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or reviews and comments about a property may be displayed in conjunction with a property on some VOWs. Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments and reviews about this Property.
    ☐ **Seller** does not authorize an automated estimate of the market value of the listing (or hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.
    ☐ **Seller** does not authorize third parties to write comments or reviews about the listing of the Property (or display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

**7. Seller Obligations:** In consideration of **Broker's** obligations, **Seller** agrees to:
  **(a)** Cooperate with **Broker** in carrying out the purpose of this Agreement, including referring immediately to **Broker** all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
  **(b)** Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during reasonable times.
  **(c)** Inform **Broker** before to leasing, mortgaging or otherwise encumbering the Property.
  **(d)** Indemnify **Broker** and hold **Broker** harmless from losses, damages, costs and expenses of any nature, including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's** negligence, representations, misrepresentations, actions or inactions; (2) the use of a lock box; (3) the existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This clause will survive **Broker's** performance and the transfer of title.
  **(e)** To perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
  **(f)** Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. **Seller** certifies and represents that **Seller** knows of no such material facts (local government building code violations, unobservable defects, etc.) other than the following:
    _____
    **Seller** will immediately inform **Broker** of any material facts that arise after signing this Agreement.
  **(g)** Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements, and other specialized advice.

**8. Compensation: Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing, and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):
  **(a)** _____4.000_____ % of the total purchase price plus $ _____n/a_____ OR $ _____n/a_____ , no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's** fee being earned.
  **(b)** _n/a_____ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, **Seller** will pay **Broker** the Paragraph 8(a) fee, less the amount **Broker** received under this subparagraph.

105*    **(c)** n/a_____ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or
106     agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a
107     contract granting an exclusive right to lease the Property.
108    **(d) Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by
109     sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether
110     the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the
111     price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to
112*     cancel an executed sales contract. (3) If, within _____ days after Termination Date ("Protection Period"),
113     **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom
114     **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date.
115     However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another
116     broker.
117*    **(e) Retained Deposits:** As consideration for **Broker's** services, **Broker** is entitled to receive n/a_____ % (50% if
118     left blank) of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to
119     exceed the Paragraph 8(a) fee.

120  **9.**  **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if
121    compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate
122    with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of
123*    ☒ _2.000_ % of the purchase price or $ _____ to a single agent for the buyer; ☒ _2.000_ % of the
124*    purchase price or $ _____ to a transaction broker for the buyer; and ☒ _2.000_ % of the purchase
125*    price or $ _____ to a broker who has no brokerage relationship with the buyer.
126*    ☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)

127  **10.**  **Brokerage Relationship: Broker** will act as a transaction broker. **Broker** will deal honestly and fairly; will account
128    for all funds; will use skill, care, and diligence in the transaction; will disclose all known facts that materially affect
129    the value of the residential property which are not readily observable to the buyer; will present all offers and
130    counteroffers in a timely manner unless directed otherwise in writing; and will have limited confidentiality with
131    **Seller** unless waived in writing.

132  **11. Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If
133    **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct
134*    expenses incurred in marketing the Property, and pay a cancellation fee of $ n/a _____ plus
135    applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph
136    8(a) less the cancellation fee if Seller transfers or contracts to transfer the Property or any interest in the Property
137    during the time period from the date of conditional termination to Termination Date and Protection Period, if
138    applicable.

139  **12. Dispute Resolution:** This Agreement will be construed under Florida law. All controversies, claims, and other
140    matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be
141    settled by first attempting mediation under the rules of the American Mediation Association or other mediator
142    agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover
143    reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows:
144*    **Arbitration:** By initialing in the space provided, **Seller** (____) (____), **Sales Associate** (_MB_), and **Broker** (____)
145    agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which
146    the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator
147    agreed upon by the parties. Each party to any arbitration (or litigation to enforce the arbitration provision of this
148    Agreement or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will
149    equally split the arbitrator's fees and administrative fees of arbitration.

150  **13. Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives,
151    administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This
152    Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations
153    will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and
154    will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals.
155    The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories
156    of potential or actual transferees.

Seller (____) (____) and Broker/Sales Associate (RW) (MB) acknowledge receipt of a copy of this page, which is Page 3 of 4.

ERS-17tb   Rev 6/17                                            © 2017 Florida Realtors®

157* **14. Additional Terms:** This Listing Agreement and any sale of the property is subject to and
158  conditioned upon approval by the United States Bankruptcy Court.

159 _____

160 _____

161 _____

162 _____

163 _____

164 _____

165 _____

166 _____

167 _____

168 _____

169 _____

170* **Seller's Signature:** _____  Date: _____
           Mary W. Colon, BK Trustee for the estate of John and Alice Seibert

171* **Home Telephone:** _____ Work Telephone: _____ Facsimile: _____

172* **Address:** _____

173* **Email Address:** _____

174* **Seller's Signature:** _____  Date: _____

175* **Home Telephone:** _____ Work Telephone: _____ Facsimile: _____

176* **Address:** _____

177* **Email Address:** _____

178* **Authorized Sales Associate or Broker:** *Michelle Boswell*  Date: _____
        DocuSigned by:
        8D35670DFCFC4E1...

179* **Brokerage Firm Name:** RE/MAX BY THE SEA _____ Telephone: _____

180* **Address:** 2395 WEST CO. RD 30A, Santa Rosa Beach, FL  32459 _____

181* | Copy returned to **Seller** on _____ by ☐ email ☐ facsimile ☐ mail ☐ personal delivery. |

Florida REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only be real estate licensees who are members of the NATIONAL ASSOICATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller (____) (____) and Broker/Sales Associate (RW) (MB) acknowledge receipt of a copy of this page, which is Page 4 of 4.

ERS-17tb   Rev 6/17

© 2017 Florida Realtors®

674 Waterview

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 18-30975
                                                Chapter 7
John Seibert
Alice Seibert

_____ Debtors _____/

### AFFIDAVIT OF MICHELLE BOSWELL IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND RE/MAX BY THE SEA TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF FLORIDA          )
                          )
COUNTY OF  Walton         )

        Michelle Boswell, being duly sworn, says:

        1.      I am a real estate agent duly licensed by the State of Florida.

        2.      I am an agent of RE/MAX By The Sea a Florida Corporation, with corporate offices located at 2395 W County Hwy 30A Santa Rosa Beach, FL 32459 ("Listing Agent").

        3.      I am familiar with the Application to Retain RE/MAX By The Sea, filed by the Trustee ("Application") and the property described therein.

        4.      I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 674 WATERVIEW COVE DR FREEPORT, FL 32439 (the "Property").

        5.      RE/MAX By The Sea has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.       Neither I nor any member of RE/MAX By The Sea hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.       To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.       I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michelle Boswell of
RE/MAX By The Sea

The foregoing instrument was sworn to and subscribed before me this 27 day of

_fcb_____, 2019

NOTARY PUBLIC

_____
Notary Public, State of Florida


_____
Type, Stamp, or Print Name as
Commissioned

JASON LIEBMAN
MY COMMISSION # GG 104598
EXPIRES: May 15, 2021

2



RICK SCOTT, GOVERNOR

JONATHAN ZACHEM, SECRETARY



## STATE OF FLORIDA
## DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

### DIVISION OF REAL ESTATE

THE SALES ASSOCIATE HEREIN IS LICENSED UNDER THE
PROVISIONS OF CHAPTER 475, FLORIDA STATUTES

## BOSWELL, ANDRIA MICHELLE

420 OAK HARBOUR LANE
#205
DESTIN          FL 32541

LICENSE NUMBER: SL3368547

**EXPIRATION DATE:  SEPTEMBER 30, 2020**

Always verify licenses online at MyFloridaLicense.com



Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.



RICK SCOTT, GOVERNOR

JONATHAN ZACHEM, SECRETARY

## STATE OF FLORIDA
## DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

### DIVISION OF REAL ESTATE

THE CORPORATION HEREIN HAS REGISTERED UNDER THE
PROVISIONS OF CHAPTER 475 FLORIDA STATUTES

## COASTAL SANDS PROPERTIES LLC

RE/MAX BY THE SEA
2395 COUNTY HWY 30A WEST
SANTA ROSA BEACH   FL 32459

LICENSE NUMBER: CQ1039753
EXPIRATION DATE:  MARCH 31, 2020
Always verify licenses online at MyFloridaLicense.com

Do not alter this document in any form.

This is your license. It is unlawful for anyone other than the licensee to use this document.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served the date referenced below on all parties listed below and in the manner indicated:

by first class U. S. Mail postage pre-paid, addressed to:
John Stewart Seibert
674 Waterview Cove Drive
Freeport, FL 32439

Alice Leigh Seibert
674 Waterview Cove Drive
Freeport, FL 32439

Natasha Z. Revell
Zalkin Revell, Pllc
Waterside Business Center, 2441 Us Highway 98w, Ste 109
Santa Rosa Beach, FL 32459

by electronic mail to:
BK Global Real Estate Services, Attention Lyda Castro at
lcastro@bkginc.com

RE/MAX By the Sea, Attention: Michelle Boswell at
michelle@greathomes.com

**DATED:**  March 15, 2019.

/s/ Mary W. Colón
MARY W. COLÓN
Chapter 7 Trustee
Smith, Thompson, Shaw, et al
P.O. Box 14596
Tallahassee, FL 32317
Florida Bar No. 0184012
Phone: (850) 241-0144
Facsimile: 0184012
trustee@marycolon.com